**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 81666-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | MOTION FOR RECONSIDERATION, |
| COREY L. BROCK, | ) | WITHDRAWING OPINION, AND |
| | ) | SUBSTITUTING OPINION |
| Appellant. | ) | |
| | ) | |

Appellant Corey Brock moved to reconsider the court's opinion filed on

November 8, 2021.  Respondent State of Washington has filed a response.  The panel

has determined that the motion for reconsideration should be granted.  The opinion

shall be withdrawn and a substitute unpublished opinion shall be filed.  Now, therefore,

it is hereby

ORDERED that the motion for reconsideration is granted; and it is further

ORDERED that the opinion filed on November 8, 2021 shall be withdrawn and

substituted with a new unpublished opinion.

FOR THE COURT:

_Mann, C.J._

_Coburn, J._

_Dwyer, J._

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

THE STATE OF WASHINGTON,      )      No. 81666-7-I
                              )
           Respondent,      )
                              )      DIVISION ONE
           v.                      )
                              )
COREY L. BROCK,           )
                              )      UNPUBLISHED OPINION
           Appellant.       )
                              )

MANN, C.J. — Corey Brock appeals his judgment and sentence for one count of theft of a motor vehicle. Brock argues that the trial court erred in admitting irrelevant evidence over defense objection, and that his defense counsel was ineffective for failing to object to unduly prejudicial and inadmissible evidence under ER 403 and ER 404(b). We affirm.

<u>FACTS</u>

The Auburn U-Haul location houses a storage facility, equipment rental, u-Box rentals, and an onsite shop. Customers renting a storage unit can access the facility after hours with an access card. Customers are also able to rent vehicles after hours using a lockbox. Upon arriving to the facility on April 28, 2018, assistant manager Geena San Nicholas discovered a U-Haul cargo van missing from the parking lot. The lockbox was broken and the keys to the cargo van were missing. San Nicholas

informed the police and then reviewed the security footage. The video showed a man swiping his access card multiple times attempting to enter the storage facility around 10:30 p.m. Brock's card was the only access card swiped and denied that night. The video then showed the man leave and return with a crowbar-like object used to break open the lockbox containing keys to the U-Haul cargo van. A still image from the video shows a close up of the man's face. The theft of the van and the identity of who drove it were not caught on camera or seen by eyewitnesses.

Auburn Police Officer Joseph Vojir obtained Brock's address from the law enforcement databases and asked Detective Vincent Martinez to look for the van at the address. Martinez found the stolen van in the alley behind Brock's residence. The door was open and the engine was running. Brock was standing less than four feet away from the open driver's side door. Martinez arrested Brock, searched him incident to arrest, and located the U-Haul access card in his wallet.

The State charged Brock with one count of theft of a motor vehicle. At trial, the prosecutor asked San Nicolas why Brock's access card was denied. Brock objected on relevance grounds. The court overruled the objection and San Nicolas answered, "if it's suspended, that means that they haven't paid their rent." The jury found Brock guilty as charged.

Brock appeals.

ANALYSIS

A. Relevance

Brock argues that the trial court erroneously admitted irrelevant evidence that Brock failed to pay his U-Haul storage unit rent over defense objection. We disagree.

Under ER 401, evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence is relevant if a logical nexus exists between the evidence and the fact to be established." State v. Burkins, 94 Wn. App. 677, 692, 973 P.2d 15 (1999). Irrelevant evidence is not admissible, however, when the threshold to admit relevant evidence is low and "even minimally relevant evidence is admissible." ER 402; State v. Darden, 145 Wn.2d 612, 622, 41 P.3d 1189 (2002). We review a trial court's ruling on relevance for abuse of discretion. State v. Scherf, 192 Wn.2d 350, 387, 429 P.3d 776 (2018). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

Here, in order to prove that it was Brock that stole the van, the State presented evidence that the same person who broke the lockbox also tried to swipe their access card eight times—an access card attached to Brock's suspended account. Brock concedes that this fact is relevant, however, he argues that the reason the account is suspended is irrelevant. San Nicholas testified that a suspended account is due to failure to pay rent. This testimony is relevant to show that it was more probable that Brock tried to enter the storage building but his access card was denied because his account was suspended due to missed payments.

Conversely, if Brock's account had been current, his access card would not have been denied and thus it would have been less likely that Brock stole the cargo van. Again, even minimally relevant evidence is admissible. Darden, 145 Wn.2d at 622.

Because the trial court's decision was not manifestly unreasonable or based on untenable grounds, the court acted within its discretion to admit the testimony.

B. <u>Ineffective Assistance of Counsel</u>

Brock argues alternatively, that even if the testimony that he failed to pay his rent was relevant, his trial counsel was ineffective for failing to object to the evidence of nonpayment as inadmissible under ER 403 and ER 404(b). We disagree.

The defendant bears the burden to establish ineffective assistance of counsel. <u>State v. McFarland</u>, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). "First, the defendant must show that counsel's performance was deficient" and "second, the defendant must show that the deficient performance prejudiced the defense." <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to demonstrate either prong ends the inquiry. <u>State v. Classen</u>, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018). We review a claim of ineffective assistance of counsel de novo. <u>State v. Sutherby</u>, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

Counsel's performance is deficient if it falls below an objective standard of reasonableness. <u>State v. Thomas</u>, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). Scrutiny of counsel's performance is highly deferential and counsel's conduct is presumed reasonable. <u>In re Pers. Restraint of Lui</u>, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). This presumption is rebutted "where there is no conceivable legitimate tactic explaining counsel's performance." <u>State v. Reichenbach</u>, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). "Decisions on whether and when to object to trial testimony are classic examples of trial tactics." <u>State v. Crow</u>, 8 Wn. App. 2d 480, 508, 438 P.3d 541, <u>review denied</u>, 193 Wn.2d 1038, 449 P.3d 664 (2019). "To prove that failure to object rendered

counsel ineffective, Petitioner must show that not objecting fell below prevailing professional norms, that the proposed objection would likely have been sustained, and that the result of the trial would have been different if the evidence had not been admitted." In re Pers. Restraint of Davis, 152 Wn.2d 647, 714, 101 P.3d 1 (2004). "Only in egregious circumstances, on testimony central to the State's case, will the failure to object constitute incompetence of counsel justifying reversal." State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989).

Here, Brock fails under the first prong because he cannot show that counsel's performance was deficient for failing to object under ER 403 or 404(b). Strickland, 466 U.S. at 687. Brock cannot establish that the objection would have likely been sustained or that the results of the trial would have been different if the evidence was not admitted. Davis, 152 Wn.2d at 715.

ER 403 "requires exclusion of evidence, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice." State v. Smith, 106 Wn.2d 772, 776, 725 P.2d 951 (1986). Brock argues that his counsel should have objected to evidence that he was late paying rent as unduly prejudicial because the purpose of the evidence was to demonstrate that Brock was impoverished and thus more likely to steal a motor vehicle. However, the State did not present testimony regarding Brock's character and did not use the late payment of rent to characterize or prejudice Brock; it was used to show the likelihood that because Brock's access card was suspended it was more likely that he broke into the lockbox. Nor did the State argue that Brock was impoverished or that his poverty made it more likely that he would steal the van. The

speculative possibility that the jury might have implied such a conclusion does not substantially outweigh the probative value of the evidence linking Brock to the theft.

ER 404(b) prohibits admission of prior bad acts "to prove a defendant has a criminal propensity." State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." ER 404(b). The evidence that his account was suspended because he had not paid his rent was not introduced for propensity purposes. Instead, it was introduced to prove identity—that the person who stole the van was first denied access at the card reader.

Moreover, even if Brock's counsel believed that the nonpayment evidence was unduly prejudicial, a second objection and request to strike the testimony might only have drawn further attention to it. In such circumstances, "[d]efense counsel's decision to avoid emphasizing the testimony with an objection was purely tactical and entirely reasonable." State v. Davis, 17 Wn. App. 2d 264, 274, 486 P.3d 136, review denied, 198 Wn.2d 1008, 493 P.3d 734 (2021).

Additionally, Brock is unable to establish that the late payment of rent evidence likely changed the results of the trial. Strickland, 466 U.S. at 487. The evidence against Brock was overwhelming. His face was visible in the video preceding the van theft, police found Brock standing next to the van behind his address, and Brock was in possession of the access card that was swiped at the same time and location of the theft. Also, the State did not use the nonpayment of rent evidence to defame or characterize Brock; it is unlikely that a speculative inference between nonpayment of rent and thievery altered the jury's outcome.

-6-

C. Statement of Additional Grounds

Brock filed a one-page statement of additional grounds (SAG) under RAP 10.10, raising two arguments. We reject both.

Brock first argues that the sentencing judge was biased because he "was a witness to an alleged crime." Under RAP 10.10(c), a defendant submitting a pro se SAG does not need to cite the record or authorities, however, "the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." Brock's SAG failed to provide enough information for us to determine whether the judge witnessed a crime or if there were discussions regarding whether the judge would be biased in this case.

Brock next argues that his counsel was ineffective for failing to object when a witness testified inaccurately that surveillance cameras captured him using stolen keys to open the U-Haul van and drive away in it. In this instance, Brock's SAG identifies the witness testimony that he alleges was inaccurate. But we disagree that counsel was ineffective.

First, defense counsel addressed the inaccurate testimony during closing argument:

> Ms. San Nicolas, who was a manager of the U-Haul, she never saw Corey Brock in possession of a U-Haul van. . . .
>
> So there is no eyewitness that ever saw Corey Brock in possession of a U-Haul van, not one, okay, but they must be able to solve that with some other type of evidence. So then they bring out the video. Right.
>
> So you watch the same video that I am. Does the video show Corey Brock in possession of a U-Haul van? It doesn't. Right? There's—there's no video evidence that shows Corey Brock in possession of a video—or in possession of the U-Haul van.

Brock fails to explain how counsel's conduct was deficient, or what should have been done differently.

Second, Brock failed to show prejudice from the inaccurate testimony in light of the overwhelming evidence of his guilt. Brock's face was visible in the video preceding the van theft, the police found Brock standing next to the van behind his address, and Brock was in possession of the access card that was swiped at the same time and location of the theft. Thus, even if defense counsel should have done something more in the cross-examination of San Nicolas, there is no likelihood that would have changed the outcome.

Affirmed.

_____Mann, C.J._____

WE CONCUR:

_____Coburn, J._____          _____Dwyer, J._____